CASE 21—PETITION—JUNE 21.

# Harris, &c., vs. Perry.

#### APPEAL FROM HENRY CIRCUIT COURT.

1.  In order to maintain an action against a constable and his sureties for money collected by him on claims put in his hands, a demand and refusal to pay the amount collected by him to the person entitled thereto *must be alleged as a substantive averment* in plaintiff's petition.
2.  The court of appeals will not reverse a judgment rendered by default against a constable and his sureties because the petition failed to allege properly a demand and refusal to pay, no other error appearing in the record.

W. S. PRYOR,                                      For Appellants,

CITED—

*Rev. Stat.*, chap. 20, art. 4, sec. 2.

1 *Duvall*, 24; *Huston vs. Hagar.*

JOHN M. HARLAN,                                   For Appellee,

CITED—

1 *Rev. Stat.*, 256–7.

2 *Rev. Stat.*, chapter on *Interest and Usury*, sec. 6.

CHIEF JUSTICE PETERS DELIVERED THE OPINION OF THE COURT:

The first objection taken is, that there is no demand of the amount claimed alleged in the petition to have been made of the constable.

We understand, from the express provisions of the statutes on the subject, that, in order to maintain an action against a constable and his sureties for money collected by him on claims put in his hands, a demand and refusal to pay the amount collected by him to the person entitled thereto must be alleged.

Harris, &c., vs. Perry.

The words of the petition are, "the plaintiff states the whole amount thereof has been collected by the said J. B. Harris, as constable as aforesaid; but he has neglected and refused to pay over the same, or any part thereof, to the plaintiff, although the same has been demanded of him," &c. This, it is said, is not an allegation of a demand in the direct and specific manner required, but is a mere formal statement, such as is contained in the allegation of a breach of all covenants.

We do not understand the statute as requiring the particular time and the manner in which the demand was made should be set out, giving the particular day of the month and year, and whether the demand was in parol or in writing. A demand being required by the statute, is a traversable fact; and, if it is so alleged as that an issue may be made thereon, it will be sufficient. Suppose the sentence quoted from the petition be in part transposed, and it should read thus: The whole amount thus put in his hands has been collected by said Harris, as constable as aforesaid; and, although plaintiff has demanded the same of him, he has neglected and refused to pay the amount over to him. The demand thus stated would be a distinct and substantive averment, which appellants might have traversed; and there does not seem to be any material difference in the averment thus made and that in the petition.

We doubt whether such an objection as this would have been available to reverse a judgment rendered by default, under the old system of pleading; and to allow it to have that effect now, would contravene the spirit and objects of the Civil Code.

The second objection to the petition is, that the prayer is too indefinite. Having, in a preceding part of the petition, stated the claims and the amount of each one

of them, the pleader prays for judgment for the amount of *said claims*, with interest due upon each, with ten per cent. damages on the same, &c. This we think sufficiently definite. The petition contains the data necessary to reach a correct conclusion.

As to the third and last objection, it is sufficient to say, that the judgment for interest rendered is authorized by *section* 6, *chapter* 53, *Revised Statutes* (2 *vol., page* 65).

Wherefore, the judgment is *affirmed*.