JUDGE PETERS
delivered the opinion of the court.
Appellee, the plaintiff below, brought this action against appellant, and alleged in his petition that on the 22d of November, 1853, as late clerk of the Hardin Circuit and County Courts, he had a number of fee-bills against divers citizens of Hardin County, and delivered to appellant, as *58 deputy sheriff for Thos. S. Geoghegan, sheriff of Hardin County, a part of said fee-bills for collection, a list of which was filed with the petition, and at the end of which appellant signed a receipt therefor, and therein bound himself to collect and account for said fee-bills in six months, according to law. That he did collect- said fee-bills, but failed and refused to account for or pay over the money so collected to plaintiff, although plaintiff has often requested him so to do. The receipt and list of fee-bills are made a part of the petition, from which it appears that the fee-bills amounted to $167.91, and judgment was asked for this sum.
It is also averred in the petition that appellant, upon receiving the appointment of deputy sheriff by Geoghegan, sheriff as aforesaid, executed to him a bond, binding himself well and truly to perform the duties of deputy sheriff as aforesaid, and to collect and pay over to the persons entitled thereto by law all executions and fee-bills that should be placed in his hands for collection.
Judgment was rendered by default against appellant for $136.27, after deducting credits admitted by plaintiff and commission for collecting, with interest at six per cent, per annum from 1st of November, 1860, till paid; and the only question presented by the record is whether the allegations are sufficient to uphold the judgment.
It is first insisted that an action will not lie against a deputy sheriff for money collected by him as such; but should lie against the principal.
It is true that by an express provision of the statute the sheriff and his sureties are made responsible for the failure of his deputy to perform his duty to the party injured; but neither that law, nor any other known to this court, takes from a party the right to waive his remedy against the principal and bring an action against the deputy for a breach of a direct covenant to the party suing. He has two remedies, and may *59 elect which he will avail himself of. The statutory remedy against the sheriff for the greater security of the citizen certainly does not take away the common law remedy against the defaulting deputy; nor is he prejudiced by a direct proceeding against him, as he would be responsible to his principal if he had been sued and compelled to account for the money to appellee.
It is next objected that there is no averment that a demand was made of the money before suit was brought.
The averment of a demand in the petition in this case is substantially the same as the averment of a demand is in the case of Harris, &o. v. Perry, 2 Bush, 101, which was in that case adjudged sufficient to sustain the judgment rendered by default, and from which we see no reason now to depart.
On the' failure of appellant to answer, the material allegations of the petition were properly taken as true, and the court was authorized to render judgment thereon.
Perceiving no error therefore in the judgment, the same is affirmed.